UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN SWIFT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-02354-JPH-TAB |
| ) | |
| DUANE BURGESS, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT**

For the reasons explained in this Order, the defendant's unopposed motion for summary judgment, dkt. [21], is **granted**.

## I. Background

Kevin Swift alleges that while he was confined at the Johnson County Jail ("the Jail"), he slipped and fell in water around the shower area, resulting in serious injury. Mr. Swift filed his complaint in the Johnson County Superior Court, and Defendant removed the case to this Court. *See* dkt. 1. Mr. Swift then filed an amended complaint alleging that Defendant Duane Burgess, the Sheriff of the Jail, violated Mr. Swift's Eighth Amendment rights when he failed to maintain a safe and secure facility, which resulted in Mr. Swift's accident. Dkt. 6. In screening Mr. Swift's amended complaint, the Court ruled that "the only claims discerned in the amended complaint are the individual capacity [Eighth Amendment] and tort claims brought against Sheriff Burgess." Dkt. 9 at 2. Mr. Swift did not identify any additional claims within the time allotted to do so. *Id.* The Eighth Amendment applies because Mr. Swift was a convicted offender when he filed his amended

complaint.[1] *See* dkt. 23-14. The Sheriff seeks summary judgment. Dkt. 21. Mr. Swift did not file a response to the motion.

## II. Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Asserted facts must be supported with citation to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941–42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609–10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

The Court views the record in the light most favorable to the non-moving party and draws

---

[1] At screening, the Court presumed that Mr. Swift was a pretrial detainee at the Johnson County Jail and determined that Mr. Swift's claim against the Sheriff in his individual capacity would proceed under the Fourteenth Amendment. Dkt. 9 at 1–2. It turns out that Mr. Swift was a convicted prisoner at the time of the events in his complaint, dkt. 22 at 2, so his claim is evaluated under the Eighth Amendment.

2

all reasonable inferences in that party's favor. *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and district courts are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trs. of Ind. Univ.,* 870 F.3d 562, 573–74 (7th Cir. 2017).

Because Mr. Swift did not timely respond to the defendant's motion for summary judgment, the Court treats the defendant's supported factual assertions as uncontested. S.D. Ind. L.R. 56.1(b); *see, e.g., Smith v. Lamz*, 321 F.3d 680, 883 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56 motion but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### III. Discussion

**A. Facts**

The Court relies upon Mr. Swift's deposition testimony to briefly summarize the relevant facts.[2] Mr. Swift was incarcerated at the Jail during the time relevant to the incident alleged in the amended complaint. Dkt. 23-13 at 3. *Id.* Mr. Swift entered the shower area, took a shower within a few minutes, and exited the shower area. *Id.* at 8. He then visited with another inmate in a cell upstairs on the C-block until close to 6 p.m., when he started back down the stairs. *Id.* At this point,

---

[2] There is a disputed issue as to whether Mr. Swift was in a fight around the time the injury occurred and whether his injury was a result of the fight, not falling. The defendant assumes that the plaintiff's contention that he was not in a fight and that he hit his head on the floor are true for purposes of the motion for summary judgment only. Dkt. 22 at 3, n.3.

Mr. Swift was having a conversation with someone while another inmate was mopping the floor in front of the showers. *Id.* at 9. Shortly after the inmate finished mopping the floor, Mr. Swift moved toward that area, slid in front of the inmate, and landed on the floor. *Id.* at 10.

Mr. Swift testified that he "took off pretty fast" and "wasn't paying attention." *Id.* at 4. Mr. Swift stated that when he slid, he hit his head on the floor, and his right ear was severed. *Id.* He was not aware of any sharp objects that were on the floor at the time he fell. After he returned to his cell for count, a call was made for help regarding his injury. *Id.* at 5. Jail staff responded within minutes, and Mr. Swift first was taken to the Jail medical center and then to the hospital for treatment, where his ear was reattached. *Id.*

Mr. Swift testified that the showers on the C-block shoot water into the dayroom, these showers have not been fixed, and people have to keep mopping up after others. *Id.* at 4, 12. He stated he had filed a lot of grievances to make "prison authorities" aware of this. *Id.* at 4.

The defendant attests that he is the duly elected Sheriff of Johnson County and was serving in this position on February 8, 2019. Dkt. 23-1 at 1. The Sheriff states he "was not personally involved in the alleged events" related to Mr. Swift's amended complaint. *Id.*

### B. Analysis

#### 1. Eighth Amendment

Under the Eighth Amendment, prison officials have a duty to "'take reasonable measures to guarantee the safety of inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 1 (1992)). To prevail on an Eighth Amendment claim, a plaintiff must demonstrate two elements: (1) he was exposed to an objectively serious risk of harm; and (2) the defendant knew about the risk of harm, but disregarded that risk. *Id.* at 837. In the context of prisoner slip and fall cases, "[f]ederal courts consistently have adopted the view that slippery

4

surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *See Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014); *see also Anderson v. Morrison*, 835 F.3d 681, 682 (7th Cir. 2016).

In *Pyles*, the plaintiff fell and injured himself and alleged that the Warden was aware of a slippery area near the showers and a stairway. The Seventh Circuit found no constitutional liability on the part of the Warden. *Pyles*, 771 F.3d at 410. Pyles had filed a grievance alleging that the stairs the inmates used to access the showers had become "dangerously slick from water tracked by the inmates' shower shoes." *Id.* at 405. "[T]he inmates had no means of drying the soles [of their shower shoes] before accessing the stairs, and the stairs themselves lacked measures to reduce the slipping hazard caused by accumulated water." *Id.* Five weeks after filing his grievance, Mr. Pyles fell on the wet stairs while returning from the showers. He struck his head on a step and injured his lower back. *Id.* The Seventh Circuit held that "[t]he hazard about which Mr. Pyles complains is not sufficiently serious to invoke the Eighth Amendment." *Id.* at 410.

In another Seventh Circuit case involving allegations by an inmate that he was injured when he fell on slippery stairs, *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016), the Section 1983 complaint was allowed to proceed. But *Anderson* is factually distinguishable and did not disturb the holding of *Pyles*. In *Anderson*, the plaintiff alleged that he was forced to walk handcuffed without assistance down stairs that were wet, slippery, and clogged with several days of food and garbage. *Id.* at 683. The court found that these conditions "pose[d] an unreasonable peril" and held that prisons and jails "must address easily preventable, observed hazards that pose a significant risk of severe harm to inmates." *Id.* The court distinguished the facts presented from those in *Pyles*: "the stairs in *Pyles* were unavoidably wet: showers necessarily produce wet floors, and in *Pyles*, the water on inmates' shower shoes inevitably tracked on to the exit stairway . . . ."

5

*Id.* The court reiterated the holding of *Pyles*, that "'slippery surfaces and shower floors in prison, without more, cannot constitute a hazardous condition of confinement' that violates the Eighth Amendment." *Id.* at 682.

Here, Mr. Swift has not shown that there was something "more" than a wet floor. Moreover, his testimony shows that Jail staff did not ignore the water that at times was on the floor outside of the shower. Rather, inmates were able to mop the floor after themselves or others in the shower area. And Mr. Swift testified that an inmate was actively mopping up water in the shower area on the evening of the incident.

Last, the Sheriff has attested to his lack of personal involvement in the incident on February 8, 2019. Mr. Swift has not designated any evidence to rebut this. He has not identified any personal involvement of the Sheriff and has not shown that the Sheriff had actual knowledge of any risk of harm to him and disregarded that risk.

Accordingly, the Sheriff is entitled to judgment as a matter of law.

### 2. State Law Tort Claim

Under Indiana law, the tort of negligence is comprised of three elements: (1) a duty on the defendant's part in relation to the plaintiff; (2) a breach of that duty, that is, a failure by the defendant to conform his conduct to the requisite standard of care required by the relationship; and (3) an injury to the plaintiff proximately resulting from such failure. *Estate of Mintz v. Conn. General Life Ins. Co.*, 905 N.E.2d 994, 998–99 (Ind. 2009).

Plaintiff brought this claim against the Sheriff in his individual capacity rather than his official capacity or based upon a theory of *respondeat superior*. Dkt. 9 at 2. And, as discussed above, the Sheriff attests that he was not personally involved in the circumstances surrounding the events on February 8, 2019 that led to the plaintiff's injury. Mr. Swift has failed to designate any

evidence to rebut the Sheriff's testimony. The Sheriff argues that "the absence of [his] personal involvement must prove fatal to Plaintiff's individual tort claim against [him] in his individual capacity" because he "cannot possibly have breached a duty owed to Plaintiff under these circumstances." Dkt. 22 at 9. Because no reasonable jury could identify an act or omission on the individual part of the Sheriff that would show he breached a duty to Mr. Swift, the Sheriff is entitled to summary judgment as a matter of law as it relates to Mr. Swift's state law tort claim.

## IV. Conclusion

For the reasons discussed above, the defendant's unopposed motion for summary judgment, dkt. [21], is **granted**.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 3/30/2021

Distribution:

KEVIN SWIFT
246644
PLAINFIELD - RDC
RECEPTION DIAGNOSTIC CENTER
Inmate Mail/Parcels
737 MOON ROAD
PLAINFIELD, IN 46168

William W. Barrett
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
wbarrett@wbwlawyers.com

Daniel Joseph Layden
WILLIAMS BARRETT & WILKOWSKI, LLP
dlayden@wbwlawyers.com

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana